**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4481**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMARIO LADARL PEMBERTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:12-cr-00055-LCB-1)

Submitted: December 10, 2019                    Decided: January 2, 2020

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Ladarl Pemberton appeals the 13-month sentence imposed upon revocation of his supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Pemberton's revocation sentence is plainly unreasonable. In his pro se supplemental brief, Pemberton challenges his original conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The Government has declined to file a response brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (citation and internal quotation marks omitted). "[W]e first consider whether the sentence imposed is procedurally or substantively unreasonable." *Id.* Only when the sentence is unreasonable will we determine whether the sentence "is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (2012) (listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal

2

quotation marks omitted). "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2018); *see Webb*, 738 F.3d at 641. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Slappy*, 872 F.3d at 208. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted). In appropriate circumstances, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

3

We find no unreasonableness, plain or otherwise, in Pemberton's sentence, which was within the accurately calculated policy statement range. The district court consistently emphasized Pemberton's breach of trust, remarking that he made little progress during his few months on supervised release, only complied with the conditions of supervised release when he felt like it, had a defensive and negative attitude toward the probation officer and supervision in general, was unable to maintain steady employment, and committed new criminal conduct. The court also did not unduly rely on impermissible factors to support the revocation sentence. Although the court did not explicitly address Pemberton's arguments in mitigation during its formal sentencing explanation, the court's comments throughout the hearing made it clear that it had considered the arguments but did not find them persuasive.

In his pro se supplemental brief, Pemberton contends that his § 922(g)(1) conviction is invalid after *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that, in § 922(g)(1) prosecution, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). This argument is not properly before us. *See United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018) ("A supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pemberton, in writing, of the right to petition the Supreme Court of the United States for further review. If Pemberton requests that a petition

4

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pemberton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*